IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN JACOB BUCK                                                         PLAINTIFF

      v.                                         CIVIL NO. 10-2161

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 12. The Defendant has filed a response to said motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**I.     Background:**

Plaintiff, Jonathan Buck, appealed the Commissioner's denial of benefits to this court. On September 12, 2011, an Order was entered remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 11.

On November 11, 2011, plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $3,482.10 representing 17.90 attorney hours at an hourly rate of $174.00 and 4.90 paralegal hours at a rate of $75.00 per hour. ECF No. 13. On November 25, 2011, the defendant filed a response objecting only to the hourly rated Plaintiff has requested. ECF No. 14.

II.   **Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). An EAJA application also must be filed within thirty days of a final judgment in an action, *See* 28 U. S. C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

### III.  Discussion:

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 10-11. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 14. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests compensation for 17.90 attorney hours at a rate of $174.00 per hour for work performed in 2010 and 2011. While an increased hourly rate is authorized as long as the CPI is submitted, this court will not approve the hourly rate requested. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff's requested rate exceeds the hourly rate authorized by the CPI-South index. The hourly rate authorized by the CPI-South for 2010 is $173.00, while the rate authorized for 2011 is $174.00. Therefore, Plaintiff will be

-
-
-
-

awarded $173.00 per hour for work performed in 2010 and $174.00 per hour for work performed in 2011.

Plaintiff's counsel has also requested compensation for paralegal time at the rate of $75.00 per hour. Again, Defendant does not object to this hourly rate. ECF No. 14. Accordingly, we find $75.00 per hour for paralegal work to be a reasonable rate. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

Further, this Court has reviewed Plaintiff's request for 17.90 hours of attorney work during 2010 and 2011 and 4.90 hours of paralegal work during 2010 and 2011. ECF No. 13-12. Plaintiff has submitted an itemized bill in support of this request. *Id.* Defendant has no objections to the hours requested. ECF No. 14. Thus, this Court finds they are appropriate and should be approved. Plaintiff will be awarded $3,476.40, representing 5.70 attorney hours in 2010 at a rate of $173.00 hour, 12.20 attorney hours in 2011 at a rate of $174.00 per hour and 4.90 paralegal hours at a rate of $75.00 per hour.

Plaintiff requests that the EAJA fees award be made payable directly to his counsel, pursuant to a valid assignment. However, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010). ECF No. 14. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id.,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, the payment for EAJA fees may be mailed directly to Plaintiff's counsel.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406*,* in order to prevent double recovery by counsel for the plaintiff.

AO72A
(Rev. 8/82)

**IV.     Conclusion:**

Based upon the foregoing, the Court awards Plaintiff $3,476.40 pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 27th day of February 2012.

                                                  /s/ *J. Marschewski*
                                                  HON. JAMES R. MARSCHEWSKI
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)